## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWIN S. WIDMER and HEATHER WIDMER, on behalf of themselves and all others similarly situated, <br><br> Plaintiff(s), <br><br> -against- <br><br> WELTMAN WEINBERG & REIS CO., LPA, <br><br> Defendant(s). | Civil Case No: _____ <br><br> **DEMAND FOR JURY TRIAL** |

## COMPLAINT -- CLASS ACTION

### PRELIMINARY STATEMENT

1. Plaintiffs on behalf of themselves and all others similarly situated ("Plaintiffs"), by and through their attorneys, alleges that the Defendant, WELTMAN WEINBERG & REIS CO., LPA ("WELTMAN"), its employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, by intentionally garnishing a bank account held by the entireties by Mr. Widmer and his wife for a judgment against only Mr. Widnmer.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4. As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

5. Plaintiffs are natural persons, residing in Bucks County, Pennsylvania and are, at all times herein, a "Consumer" as defined by 15 U.S.C. § 1692a(3).

6. WELTMAN WEINBERG & REIS CO., LPA ("WELTMAN") is a law firm maintaining a principal office location at 170 S Independence Mall W Suite 874W, Philadelphia, PA 19106. WELTMAN is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6) because it uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and regularly engages in the collection or attempt to collect debt asserted to be due or owed to another.

## STATEMENT OF FACTS

7. According to Defendant, at some time prior to 2014, Plaintiff Edwin Widmer allegedly incurred a financial obligation to DISCOVER BANK.

8. The DISCOVER BANK obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

9. DISCOVER BANK and any previous creditor is a "creditor" as defined by 15 U.S.C. § 1692a(4).

10. On or before August 6, 2014, DISCOVER BANK allegedly referred the DISCOVER BANK obligation to WELTMAN for the purpose of collections.

11. At the time the DISCOVER BANK obligation was allegedly referred to WELTMAN, the DISCOVER BANK obligation was in default.

12. WELTMAN filed a lawsuit against Plaintiff on behalf of DISCOVERY BANK titled, <u>Discover Bank v. Edwin S. Widmer</u>, Bucks Cty. MJ-07108-CV-0000071-2014 and secured a judgment against Plaintiff on August 6, 2014 ("the debt").

13. On November 1, 2018, WELTMAN transferred the judgment to the Bucks County Court of Common Pleas, indexed at case no. 2018-06381.

14. Thereafter, on or about February 2022, WELTMAN issued a writ of execution to Plaintiff Edwin Widmer's bank, Wells Fargo, N.A., where he is the joint holder with his wife, Heather Widmer, of personal bank accounts held by the entireties ("the joint accounts").

15. Thereafter, in response to WELTMAN's execution writ, Wells Fargo attached funds from the joint account pursuant to the writ.

16. The joint account was immune from execution upon funds held jointly by Plaintiff and his wife as entireties property.

17. The Pennsylvania Rules of Civil Procedure provide for the discovery of non-exempt and non-immune assets prior to the issuance of a writ of execution:

Rule 3117. Discovery in aid of execution.

 (a) Plaintiff at any time after judgment, before or after the issuance of a writ of execution, may, for the purpose of discovery of assets of the defendant, take the testimony of any person, including a defendant or a garnishee, upon oral examination or written interrogatories as provided by the rules relating to Depositions and Discovery. The prothonotary of the county in which judgment has been entered or of the county within this Commonwealth where the deposition is to be taken, shall issue a subpoena to testify.

 (b) All reasonable expenses in connection with the discovery may be taxed against the defendant as costs if it is ascertained by the discovery proceedings that the defendant has property liable to execution.

Pa. R.C.P. No. 3117.

18.     Rather than perform discovery in conformity with the Rules of Civil Procedure, upon information and belief, WELTMAN performed its own private asset search to discover and target the joint accounts. As a result of this asset search WELTMAN knew, or reasonably should have known, of Heather Widmer's ownership interest and that the joint accounts were immune from execution.

19.     Plaintiffs incurred hundreds of dollars in unnecessary fees charged by Wells Fargo and Wells Fargo's attorneys as a result of WELTMAN's attempts to intentionally target the joint accounts for execution. None of these fees would have been incurred had WELTMAN had WELTMAN conducted itself in accordance with the Pennsylvania Rules of Civil Procedure.

20.     The foregoing abusive, unfair, and unconscionable collection conduct by WELTMAN violated the FDCPA by its violation of state law protections for consumer debtors holding bank accounts by the entireties.

21.     Plaintiff and others similarly situated are left vulnerable to WELTMAN's abusive, unfair, and unconscionable collection conduct as described.

22.     Defendant has, at all times relevant, treated the DISCOVER BANK obligation as one covered by the FDCPA, thus conceding that it was a debt collector attempting to collect a debt allegedly incurred primarily for personal, family and household purposes.

23.     WELTMAN knew or should have known that its actions violated the FDCPA.

24.     Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but it neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

25.     It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

> (a)     Using false, deceptive or misleading representations or means in connection with the collection of a debt;
>
> (b)     Using unfair and unconscionable means to collect or attempt to collect a debt; and,
>
> (c)     Overshadowing and/or contradicting Plaintiff's rights under the FDCPA.

26.     Defendants have sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in Pennsylvania within one year of this Complaint.

## CLASS ACTION ALLEGATIONS

27.     Plaintiff brings this action as a class action, pursuant to Rule 23 of the FRCP, on behalf of himself and all Pennsylvania consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant, in violation of the FDCPA, as described in this Complaint.

28.     This Action is properly maintained as a class action. The Class is initially defined as:

> All Pennsylvania consumers against whom WELTMAN secured individual civil court money judgments in the Commonwealth of Pennsylvania which judgments it then sought to collect by executing upon said consumers' bank accounts held by the entireties where the co-holder spouse on the bank account was a non-debtor, which included the alleged conduct and practices described herein.

The class definition may be subsequently modified or refined. The Class period begins one year prior to the filing of this Action.

29. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

   a. <u>Numerosity:</u> The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that violate specific provisions of the FDCPA. Plaintiff is complaining about a standard collection practice involving at least fifty (50) persons.

   b. <u>Commonality:</u> There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

   i. Whether the Defendants violated various provisions of the FDCPA;

   ii. Whether Plaintiff and the Class have been injured by the Defendant's conduct;

   iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

   iv. Whether Plaintiff and the Class are entitled to declaratory relief.

  c. <u>Typicality</u>: Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

  d. <u>Adequacy of Representation:</u> Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

30. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

31. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

32. Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

<u>**COUNT I**</u>
**FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §**
1692 *et seq.* VIOLATIONS

33. Plaintiffs, on behalf of themselves and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

34. Defendant violated 15 U.S.C. § 1692d by abusing Plaintiffs by its collection conduct in taking entireties funds without legal right.

35. Defendant violated 15 U.S.C. § 1692f(1) by unfairly and unconscionably collecting entireties funds without legal right.

36. Plaintiffs by its collection conduct in taking entireties funds without legal right.

37. Defendant violated 15 U.S.C. § 1692e of the FDCPA as described herein in connection with their communications to Plaintiff and others similarly situated that it had the right to take entireties funds from an account jointly held by spouses to satisfy an individual judgment against only one of the account holders.

38. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

39. Plaintiffs and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

40. Plaintiffs and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

41. Plaintiffs have suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

## DEMAND FOR TRIAL BY JURY

Plaintiffs demands trial by jury on all issues so triable.

## PRAYER

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

    (d)  Awarding pre-judgment interest;

    (e)  Awarding post-judgment interest.

    (f)  Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

    (g)  Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: March 18, 2022

            */s/ Robert P. Cocco*
            Robert P. Cocco, Esq. (I.D. No. 61907)
            Law Offices of Robert P. Cocco, P.C.
            1500 Walnut Street, Suite 900
            Philadelphia, Pennsylvania 19102
            (215) 351-0200 telephone
            (215) 827-5403 facsimile

            */s/ Sean P. Mays*
            Sean P. Mays, Esq. (I.D. No. 307518)
            The Mays Law Firm, P.C.
            65 W. Street Road, Suite B102
            Warminster, PA 18974
            (215) 792-4321 telephone and fax